IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
(LUFKIN DIVISION)

FILED - CLERK
U.S. DISTRICT COURT
2007 SEP 28 AM 11:50
TX EASTERN - LUFKIN

| | |
|---|---|
| DONALD A. ELLIS, <br> HORACE E. FOGLE, <br> PHILLIP A. THOMAS, <br> JOHN M. STAGGS, and <br> DONALD L. CRAGO, <br> *Plaintiffs,* <br><br> vs. <br><br> UNION PACIFIC RAILROAD <br> COMPANY, <br> *Defendant.* | BY _____ <br> 8:08CV482 <br><br> CIVIL ACTION No. 9:07cv231 <br> JURY DEMAND |

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
OCT 28 2008
OFFICE OF THE CLERK

## COMPLAINT

Comes Now, Plaintiffs, DONALD A. ELLIS, HORACE E. FOGLE, PHILLIP A. THOMAS, JOHN M. STAGGS, and DONALD L. CRAGO, (hereinafter collectively referred to as "Plaintiffs"), complaining of Defendant, UNION PACIFIC RAILROAD COMPANY ("Defendant Railroad"), and in support hereof respectfully shows the Court as follows:

### A. PARTIES

1. Plaintiff, DONALD A. ELLIS, has been employed by Defendant Railroad in various positions, including Trainman, since approximately 1968.

2. Plaintiff, HORACE E. FOGLE, was employed by Defendant Railroad in various positions, including Trainman, from approximately 1969 until 2005.

3. Plaintiff, PHILLIP A. THOMAS, has been employed by Defendant Railroad in various capacities, including Trainman, since approximately 2002.

4. Plaintiff, JOHN M. STAGGS, has been employed by Defendant Railroad in various capacities, including Trainman, since approximately 1973.

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____ *DHaschke* _____

5. Plaintiff, DONALD L. CRAGO, has been employed by Defendant Railroad in various capacities, including Trainman, since approximately 1976.

6. Defendant Railroad is and has at all relevant times been a common carrier by railroad, engaged in interstate commerce, in and throughout the United States.

## B. JURISDICTION & VENUE

7. At all relevant times, Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of Plaintiffs' duties were in furtherance of and have closely, directly and substantially affected interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.*, which grants this Court jurisdiction over this action.

8. Venue is proper in U.S. District Court for the Eastern District of Texas because Defendant Railroad was conducting business in this district at the time this action was commenced. 45 U.S.C. § 56.

## C. FACTS

9. Under the Federal Employers' Liability Act (the "FELA"), Defendant Railroad is liable for damages to any employee suffering injury or death as a result of his or her employment with such carrier, where such injury or death results in whole or in part from the negligence of any of the officers, agents, or employees of Defendant Railroad, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

10. The FELA places a continuing duty on Defendant Railroad to furnish its employees with a safe place to work.

11. At all times relevant hereto, the property, equipment, materials and operations involved

   in the injuries sustained by the Plaintiffs were owned and/or under the direct and exclusive control of Defendant Railroad, its agents, servants and/or employees.

12. While working for Defendant Railroad, Plaintiffs were exposed to various ergonomic risk factors to their hands, wrists, arms, neck, back and legs, due to the equipment, methods and conditions they were exposed to in performing their work for Defendant Railroad.

13. ~~Plaintiffs' cumulative and/or repetitive exposure to these ergonomic risk factors,~~ throughout the course of their employment with Defendant Railroad, have resulted in disorders of the musculoskeletal and/or nervous systems.

14. At all relevant times, Plaintiffs were unaware of the dangerous propensities of the ergonomic risk factors to which they were exposed. Plaintiffs did not learn the nature of the cause of these injuries, or that such injuries were related to their occupational exposure to ergonomic risk factors until less than three years prior to filing this suit.

### D. COUNT I: NEGLIGENCE

15. Plaintiffs' injuries and resulting damages were sustained as a direct and proximate result, in whole or in part, of one or more of the following negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act:

   a) In failing to provide Plaintiffs with a reasonably safe place within which to work;

   b) In failing to adequately warn its employees, including Plaintiffs, of the risks, dangers, and harm associated with occupational exposure to ergonomic risk factors;

   c) In failing to comply with applicable government regulations and industry guidelines, particularly those promulgated by the Association of American Railroads;

d) In failing to perform an ergonomic screening or appropriate job analysis of the jobs performed by Plaintiffs;

e) In failing to provide adequate training to Plaintiffs regarding ergonomic risk factors;

f) In continuing to dispute the presence of ergonomic risk factors in the railroad work environment instead of taking systematic steps to minimize their effects;

g) In failing to implement a comprehensive plan to control the hazards of exposure to ergonomic risk factors for trainmen like Plaintiffs;

h) In failing to implement a comprehensive ergonomics program consistent with published guidelines for the prevention of work related musculoskeletal disorders;

i) In failing to systematically implement engineering and/or administrative controls to eliminate and/or decrease the exposures of trainmen like Plaintiffs to ergonomic risk factors;

j) In failing to periodically test and examine its employees, including Plaintiffs, to determine if they were subject to any ill effects as a result of occupational exposure to ergonomic risk factors;

k) In failing to provide its employees, including Plaintiffs, with protective equipment to protect them from ergonomic risk factors;

l) In negligently providing its employees, including Plaintiffs, with tools and/or equipment which Defendant knew or reasonably should have known caused or contributed to ergonomic risk factors;

m) In failing to promulgate, issue, circulate and/or enforce adequate safety rules and/or policies regarding prevention and avoidance of ergonomic risk factors;

n) In failing to modify or eliminate certain job duties, equipment or practices to eliminate or reduce the ergonomic risk factors to which its employees, including Plaintiffs, were exposed;

o) In failing to monitor the work habits and practices of its employees, including Plaintiffs, to determine if their work activities placed them at risk for exposure to ergonomic risk factors;

p) In assigning and/or continuing to assign Plaintiffs to a job that Defendant Railroad knew or should have known was beyond Plaintiff's physical capabilities; and/or

q) Such other acts and/or omissions as may be shown at time of trial.

16. Plaintiffs seek all elements of damages, in the past and in the future, permitted under the law from Defendant Railroad including, but not limited to:

   a) The reasonable expense of hospitalization and/or medical care and treatment, required in the past or that may be required in the future;

   b) Loss of earning capacity and/or loss of ability to earn money, including loss or deprivation of benefits, both in the past and in the future;

   c) Physical pain and suffering, both in the past and in the future;

   d) Disability and/or physical impairment, both in the past and in the future;

   e) Disfigurement, including recovery for embarrassment and humiliation, both in the past and in the future;

   f) Mental anguish and/or emotional distress, including any loss or decrease of capacity for enjoyment of life, both in the past and in the future;

   g) Aggravation of any pre-existing injury, illness, or physical defect resulting in physical injury;

   h) Costs of court and pre-judgment and post-judgment interest as allowed by law; and/or

   i) All other damages that Plaintiff would show that he is entitled to at the time of trial.

17. Plaintiffs would respectfully show the Court that the above referenced damages were sustained as a direct and proximate result, in whole or in part, of one or more of the negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

### E. COUNT II: AGGRAVATION

Additionally, and/or in the alternative, Plaintiffs would further respectfully show the Court as follows:

18. Additionally, and/or in the alternative, in the event it is shown at the time of trial that Plaintiffs were suffering from some form of pre-existing injury, illness, or physical defect at the time of trial, Plaintiffs would respectfully show the Court that such condition, if any, was aggravated and/or accelerated, in whole or in part, by one or more of the following negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

   a) In failing to provide Plaintiffs with a reasonably safe place within which to work;

   b) In failing to adequately warn its employees, including Plaintiffs, of the risks, dangers, and harm associated with occupational exposure to ergonomic risk factors;

   c) In failing to comply with applicable government regulations and industry guidelines, particularly those promulgated by the Association of American Railroads;

   d) In failing to perform an ergonomic screening or appropriate job analysis of the jobs performed by Plaintiffs;

   e) In failing to provide adequate training to Plaintiffs regarding ergonomic risk factors;

   f) In continuing to dispute the presence of ergonomic risk factors in the railroad work environment instead of taking systematic steps to minimize their effects;

   g) In failing to implement a comprehensive plan to control the hazards of exposure to ergonomic risk factors for trainmen like Plaintiffs;

   h) In failing to implement a comprehensive ergonomics program consistent with published guidelines for the prevention of work related musculoskeletal disorders;

   i) In failing to systematically implement engineering and/or administrative controls to eliminate and/or decrease the exposures of trainmen like Plaintiffs to ergonomic risk factors;

   j) In failing to periodically test and examine its employees, including Plaintiffs, to determine if they were subject to any ill effects as a result of occupational exposure to ergonomic risk factors;

    k)    In failing to provide its employees, including Plaintiffs, with protective equipment to protect them from ergonomic risk factors;

    l)    In negligently providing its employees, including Plaintiffs, with tools and/or equipment which Defendant knew or reasonably should have known caused or contributed to ergonomic risk factors;

    m)    In failing to promulgate, issue, circulate and/or enforce adequate safety rules and/or policies regarding prevention and avoidance of ergonomic risk factors;

    n)    In failing to modify or eliminate certain job duties, equipment or practices to eliminate or reduce the ergonomic risk factors to which its employees, including Plaintiffs, were exposed;

    o)    In failing to monitor the work habits and practices of its employees, including Plaintiffs, to determine if their work activities placed them at risk for exposure to ergonomic risk factors;

    p)    In assigning and/or continuing to assign Plaintiffs to a job that Defendant Railroad knew or should have known was beyond Plaintiffs' physical capabilities; and/or

    q)    Such other acts and/or omissions as may be shown at time of trial.

19.    Plaintiffs seek all elements of damages, in the past and in the future, permitted under the law from Defendant Railroad including, but not limited to:

    a)    The reasonable expense of hospitalization and/or medical care and treatment, required in the past or that may be required in the future;

    b)    Loss of earning capacity and/or loss of ability to earn money, including loss or deprivation of benefits, both in the past and in the future;

    c)    Physical pain and suffering, both in the past and in the future;

    d)    Disability and/or physical impairment, both in the past and in the future;

    e)    Disfigurement, including recovery for embarrassment and humiliation, both in the past and in the future;

    f)    Mental anguish and/or emotional distress, including any loss or decrease of capacity for enjoyment of life, both in the past and in the future;

    g)    Aggravation of any pre-existing injury, illness, or physical defect resulting in physical injury;

  h) Costs of court and pre-judgment and post-judgment interest as allowed by law; and/or

  i) All other damages that Plaintiff shows he is entitled to at the time of trial.

20. Plaintiffs would respectfully show the Court that the above referenced damages were sustained as a direct and proximate result, in whole or in part, of one or more of the negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

### F. COUNT III: LOCOMOTIVE (BOILER) INSPECTION ACT

Additionally, and/or in the alternative, Plaintiffs would further respectfully show the Court as follows:

21. While employed by Defendant Railroad, Plaintiffs worked in, on or about locomotives, boilers and their appurtenances while these locomotives were in-use and on-line. While engaged in the performance of their duties, Plaintiffs were exposed to various ergonomic risk factors.

22. Defendant Railroad by and through its agents, servants and employees, violated the Federal Safety Authorization Act, 49 U.S.C. § 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act, 45 U.S.C. §§ 22-34, by failing to provide Plaintiffs with locomotives and their appurtenances which were in a proper and safe condition, and safe to work on or about, in that the locomotives and appurtenances caused, transferred, and/or generated excessive and/or harmful ergonomic risk factors.

23. Plaintiffs seek all elements of damages, in the past and in the future, permitted under the law from Defendant Railroad including, but not limited to:

a) The reasonable expense of hospitalization and/or medical care and treatment, required in the past or that may be required in the future;

b) Loss of earning capacity and/or loss of ability to earn money, including loss or deprivation of benefits, both in the past and in the future;

c) Physical pain and suffering, both in the past and in the future;

d) Disability and/or physical impairment, both in the past and in the future;

e) ~~Disfigurement, including recovery for embarrassment and humiliation, both in the past and in the future;~~

f) Mental anguish and/or emotional distress, including any loss or decrease of capacity for enjoyment of life, both in the past and in the future;

g) Aggravation of any pre-existing injury, illness, or physical defect resulting in physical injury;

h) Costs of court and pre-judgment and post-judgment interest as allowed by law; and/or

i) All other damages that Plaintiff shows he is entitled to at the time of trial.

24. Plaintiffs would respectfully show the Court that the above referenced damages were sustained as a direct and proximate result, in whole or in part, of one or more of the negligent acts or omissions on the part of Defendant Railroad, by and through its officers, agents or employees, in violation of the Federal Employers' Liability Act.

### F. JURY DEMAND

25. Plaintiffs demand a trial by jury and herewith tender the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Defendant Railroad answer herein as the law directs; and that upon final hearing, this Court enter Judgment against Defendant Railroad for actual and special damages together with interest thereon at the legal

rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, which may be just and proper under the law.

Respectfully submitted,

VASQUEZ & SAMMONS, L.L.P.

J. KIRKLAND SAMMONS
TBN: 50511552
ATTORNEY-IN-CHARGE
RYAN K. BRENT
TBN: 24040571
The Lyric Centre
440 Louisiana St., Suite 1440
Houston, Texas 77002
Tel.: (713) 425-7200
Fax: (713) 425-7210

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

**CHANDLER LAW OFFICES**
GEORGE E. CHANDLER
TBN: 04094000
207 E Frank Ave # 105
Lufkin, TX 75901
Tel.: (936) 632-7778
Fax: (936) 632-1304