IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

OCT 2 8 2008

OFFICE OF THE CLERK

| | | |
|---|---|---|
| DONALD A. ELLIS, ET AL. | § | 8.08cv482 |
| Vs. | § | CIVIL ACTION NO. 9:07CV231 |
| UNION PACIFIC RAILROAD COMPANY | § | |

## ORDER

Plaintiffs Donald A. Ellis, Horace E. Fogle, Phillip A. Thomas, John M. Staggs and Donald L. Crago filed the above-styled lawsuit on September 28, 2007, in the Eastern District of Texas, Lufkin Division. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636. On June 16, 2008, Defendant filed Motion to Transfer Venue as to all plaintiffs except Donald Ellis (document #45, #46, #47 and #48). A consolidated response was filed by Plaintiffs on April 9, 2008. Finding that the matter should be stayed pending a decision by the Fifth Circuit on the petition for rehearing *en banc* in *In re Volkswagen*, 506 F.3d 376 (5th Cir.2007), the undersigned issued an Order on July 2, 2008 staying the motions to transfer and this case. The Fifth Circuit subsequently issued its decision on October 10, 2008. *See In re Volkswagen*, Case No. 07-40058, ___ F.3d ___ (5th Cir.2008). For the reasons assigned below, the undersigned finds that the stay should be lifted and the motions to transfer should be granted.

TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT     Page 1 of 9
EASTERN DISTRICT OF TEXAS

_DHaschke_

## *Background*

This lawsuit was filed seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). Plaintiffs state in the complaint that they were injured in the course and scope of their employment with Union Pacific Railroad Company ("Union Pacific"). They allege that they have suffered disorders of their musculoskeletal and/or nervous systems as a result of cumulative and repetitive trauma during the course of their employment. Plaintiffs assert that their injuries resulted from Union Pacific's negligence.

Union Pacific filed Motions to Transfer Venue as to all plaintiffs except Donald Ellis (document #45, #46, #47 and #48). Union Pacific argues that the Eastern District of Texas and Lufkin, Texas have no connection with any of Plaintiffs' claims. Union Pacific seeks a transfer of Staggs' claims to the Eastern District of California, Crago's claims to the District of Nebraska, Thomas' claims to the Eastern District of Arkansas, Pine Bluff Division and Fogle's claims to the Western District of Arkansas, El Dorado Division. Union Pacific submits that Plaintiffs' claims have no factual connection to the Eastern District of Texas, in that Plaintiffs have never lived in Texas, worked in Texas or received any medical treatment in Texas. Union Pacific asserts that the requested venues are a more convenient forum for resolution of each plaintiff's claims than the Eastern District of Texas and Union Pacific seeks a transfer of these claims pursuant to 28 U.S.C. § 1404(a).

Plaintiffs filed their response on June 30, 2008. Plaintiffs submit that a transfer would cause unnecessary delay. Plaintiff also submit that independent medical examinations were conducted in Houston, Texas. Plaintiffs primarily assert that the motions to transfer should be denied because they were filed at an unreasonably late stage of the litigation. Addressing the private and public

interest factors, Plaintiffs argue that their choice of forum is a substantial right under the FELA; witnesses can be deposed for presentation at trial; the complained of negligent acts or omissions have occurred throughout the country and do not involve a single occurrence; the Lufkin Division is more convenient for counsel; the problem of transporting witnesses is lessened by the fact that Defendant is a railroad; transfer would cause delay; and the Local Rules for the Eastern District of Texas have guided discovery.

## *Discussion and Analysis*

Defendant seeks a transfer of the claims of Fogle, Thomas, Staggs and Crago pursuant to 28 U.S.C. § 1404(a), which allows the Court, in its discretion, to transfer a case to any other district where it might have been brought. The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id.* at 616. The decision whether to transfer a case is within the sound discretion of the district court. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). Section 1404 "tempers the effects" of a plaintiff's privilege to file suit in any judicial division deemed appropriate under the venue statute. *In re Volkswagen*, No. 07-40058, slip op. p. 10, ___ F.3d ___ (5th Cir.2008). Although Plaintiffs argue that more deference should be afforded to a plaintiff's choice of forum in a FELA lawsuit, there is not a separate venue transfer statute for FELA claims. Indeed, "Congress cited a FELA case as an example of the need for such a provision, and courts have consistently held that § 1404(a) applies to all actions, not just those listed in the general venue provisions." *Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 654 (E.D.Tex.1999).

The first issue for consideration when deciding whether a transfer is appropriate is, "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a

judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 826 (2003). A lawsuit "might have been brought" in a district and division where the jurisdictional and venue requirements are satisfied. *Van Dusen v. Barrack*, 376 U.S. 612, 621-22, 84 S.Ct. 805, 810-11 (1964). Pursuant to 45 U.S.C. § 56, a FELA lawsuit, "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The parties do not dispute that jurisdiction and venue would be permitted, in accordance with 45 U.S.C. § 56, in the Eastern District of California, the District of Nebraska, the Eastern District of Arkansas or the Western District of Arkansas.

Next, the burden is placed on the movant to show why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d at 698. The "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine – dismissal permitted only in favor of a substantially more convenient alternative – was dropped in the § 1404(a) context." *In re Volkswagen*, No. 07-40058, slip op. p. 11 (*citing Veba–Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir.1983)). Rather, the proper standard is whether the movant has shown good cause for a transfer. *Id.* at p. 12. The burden is on the movant to "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citing 28 U.S.C. § 1404(a)). The movant's burden of showing good cause "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.*

There are essentially two categories of factors to be considered: factors relating to the convenience of parties and witnesses, referred to as private interest factors, and factors relating to

the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947);[1] *Walter Fuller Aircraft Sales v. The Rep. Of the Philippines*, 965 F.2d 1375, 1389 (5th Cir.1992). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (citing *In re Volkswagen AG*, 371 F.3d. 201, 203 (5th Cir.2004). Factors to consider concerning the public interest include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The location of counsel is irrelevant to a decision on transfer of venue and is improper for consideration. *In re Horseshoe Entertainment*, 337 F.3d at 434. These factors are a guide and are not necessarily exhaustive or exclusive. *In re Volkswagen*, No. 07-40058, slip op. p. 13.

*Convenience Factors*

*Location of Sources of Proof*

The first factor is the accessibility and location of sources of proof. Typically, the location of documents and business records is given little weight, unless the documents are "so voluminous that their transport is a major undertaking." *Dupre*, 810 F.Supp. at 827. In this case, no records are

---

[1]Although the *Gilbert* case was a *forum non conveniens* case, the private and public interest factors set forth in *Gilbert* are appropriate for a determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interests of justice. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (citing *Humble Oil Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.1963)).

located in the Eastern District of Texas. Plaintiffs allege that they were injured during their employment and none of their employment took place in the Eastern District of Texas. Likewise, none of Plaintiffs' medical care occurred in the Eastern District of Texas. Plaintiffs' treating physicians are in California, Nebraska and Arkansas. Court-ordered independent medical exams took place in Houston, Texas, which lies in the Southern District of Texas. None of the sources of proof are located in the Eastern District of Texas. This factor weighs in favor of a transfer.

### Availability of Compulsory Process

Courts should consider the availability and convenience of witnesses and parties, including the availability of compulsory process. Courts commonly consider the availability, convenience and cost of witnesses as one of the most important considerations. *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 928 (E.D.Tex.1999) (citing *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993)); *TV-3, Inc.*, 28 F.Supp.2d at 411 (citing *Fletcher v. Southern Pacific Trans. Co.*, 648 F.Supp. 1400, 1401-02 (E.D.Tex.1989)); *Reed*, 995 F.Supp. at 714; *Gundle Lining Construction Corp.*, 844 F.Supp. at 1166.

None of the potential witnesses identified by either party are located within the Eastern District of Texas. Any non-party witness unwilling to appear at trial, including the consultative medical examiners, would be outside of the 100-mile subpoena radius if the trial is in Lufkin, Texas. This factor weighs in favor of a transfer.

### Cost of Attendance for Willing Witnesses

The third factor concerns the cost of attendance for willing witnesses. It is axiomatic that it is more convenient for witnesses to attend trial close to home. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and

additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." *In re Volkswagen AG*, 371 F.3d at 205. In addition to the monetary costs associated with travel, witnesses suffer personal costs associated with being away from work, family and community. *In re Volkswagen*, No. 07-40058, slip op. p. 16. For a trial in the Eastern District of Texas, all witnesses will be required to travel. With none of the witnesses located in this district, the convenience of the witnesses and parties overall favors a transfer.

## *Practical Considerations*

The final private interest factor encompasses all other practical problems that make trial of a case easy, expeditious and inexpensive. There has been no showing that a venue transfer to the Eastern District of California, District of Nebraska, Eastern District of Arkansas or Western District of Arkansas would cause the trial of these claims to be more difficult, slower and more expensive for the parties.

## *Public Interest Factors*

As previously stated, the public interest factors include issues such as relative court congestion, community nexus to the lawsuit resulting in a local interest in adjudicating the dispute, the familiarity of the forum with the law that will govern the case and the desire to avoid any conflict of law issues.

In this case, the Eastern District of California, the District of Nebraska, the Eastern District of Arkansas and the Western District of Arkansas have a superior interest in adjudicating the claims of Staggs, Crago, Thomas and Fogle, respectively. Plaintiffs' employment occurred in these districts and Plaintiffs are longtime residents of the these districts. The Eastern District of Texas, on the other hand, has no connection to the facts giving rise to this lawsuit. Plaintiffs have not lived or worked

here and did not acquire their injuries here. There are no conflict of laws issues in this case because this lawsuit is brought under federal law. There has been no showing that the dockets of the other districts are so congested, as compared with the Eastern District of Texas, Lufkin Division, that it would be burdensome to transfer these claims.

Balancing all of these various factors, the undersigned is of the opinion that Defendant has satisfied its burden of showing good cause for a transfer. The Eastern District of Texas is not a convenient forum for the claims of Fogle, Thomas, Staggs or Crago. These claims should be transferred. It is accordingly

_____**ORDERED** that the STAY imposed in this case is **LIFTED**. It is further

**ORDERED** that Defendant's Motion for Severance (document #44) is **GRANTED**. The transfer of these claims to different districts necessitates that the claims be severed. It is hereby

**ORDERED** that Defendant's Motion to Transfer Venue as to Plaintiff John M. Staggs (document #45) is **GRANTED**. The claims of John M. Staggs are hereby **SEVERED** and **TRANSFERRED** to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). It is further

**ORDERED** that Defendant's Motion to Transfer Venue as to Plaintiff Donald L. Crago (document #46) is **GRANTED**. The claims of Donald L. Crago are hereby **SEVERED** and **TRANSFERRED** to the District of Nebraska pursuant to 28 U.S.C. § 1404(a). It is further

**ORDERED** that Defendant's Motion to Transfer Venue as to Plaintiff Phillip Thomas (document #47) is **GRANTED**. The claims of Phillip Thomas are hereby **SEVERED** and **TRANSFERRED** to the Eastern District of Arkansas, Pine Bluff Division, pursuant to 28 U.S.C. § 1404(a). It is further

**ORDERED** that Defendant's Motion to Transfer Venue as to Plaintiff Horace E. Fogle

N:\Civil\Referrals\Ellis - Motion to Transfer.wpd

(document #48) is **GRANTED**. The claims of Horace Fogle are hereby **SEVERED** and
**TRANSFERRED** to the Western District of Arkansas, El Dorado Division, pursuant to 28 U.S.C.
§ 1404(a).

So **ORDERED** and **SIGNED** this **16** day of **October, 2008.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE