IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DONALD L. CRAGO,              )
                              )
              Plaintiff,      )           8:08CV482
                              )
        v.                    )
                              )
UNION PACIFIC RAILROAD        )           MEMORANDUM OPINION
COMPANY,                      )
                              )
              Defendant.      )
_____)
```

This matter is before the Court on plaintiff Donald Crago's ("Crago") motion to continue trial setting, amend order setting schedule for progression of a civil case, and extend motion for summary judgment (Filing No. 99), defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment (Filing No. 92), and Union Pacific's motion in limine re: Robert O. Andres, Ph.D. (Filing No. 89). Upon review of the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds Crago's motion to continue trial setting, amend order setting schedule for progression of a civil case, and extend motion for summary judgment should be denied, Union Pacific's motion for summary judgment should be granted, and Union Pacific's motion in limine re: Robert O. Andres, Ph.D. should be denied as moot.

**1. Crago's Motion to Continue Trial Setting, Motion to Amend Order Setting Schedule for Progression of a Civil Case, Motion to Extend Motion for Summary Judgment (Filing No. 99)**

Crago's motions to amend the progression order and extend summary judgment are will be denied. Crago's motion to continue the trial date will be denied as moot, as Union Pacific is entitled to summary judgment on all claims.

**2. Union Pacific's Motion for Summary Judgment (Filing No. 92)**

Union Pacific moves for summary judgment on the ground that there is no genuine dispute that Crago cannot prove medical causation.

## I. BACKGROUND

Crago is a retired Union Pacific employee. He worked for over thirty years at Union Pacific in various positions, including switchman-brakeman, personnel manager, train master, conductor, and peer trainer. Crago filed suit against Union Pacific, alleging violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, and the Locomotive Inspection Act ("LIA")(formerly the Boiler Inspection Act), 49 U.S.C. §§ 20701-20703.[1] The FELA negligence claim is premised on the allegation that Crago was exposed to various ergonomic risk factors during his employment, the exposure resulted in "cumulative trauma injuries," including injuries to his neck, shoulders, left hand, right knee, low back, and ankle, and these injuries were caused in whole or part by Union Pacific's

---

[1] The amended complaint refers to the act as the "Safety Authorization Act."

negligence.  The LIA claim is based on the allegation that Crago worked on or about locomotives during his employment, Crago was exposed to excessive and/or harmful "cumulative trauma" while engaged in the performance of his duties, and Union Pacific violated the LIA by failing to provide him with a locomotive that was in safe and proper condition, in that the locomotive "caused, transferred, and/or generated excessive and/or harmful cumulative trauma."

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A fact is material when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor.  *See Matsushita Elec. Indus.*, 475 U.S. at 587.  When a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings but must set forth

specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

### III. DISCUSSION

#### A. FELA Negligence Claim

Under the FELA, railroads engaging in interstate commerce are liable in damages to their employees for

> . . . injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. . . .

45 U.S.C. § 51.

"[S]ubstantively FELA actions are governed by federal law." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). To prevail on an FELA claim, a plaintiff must prove the common law elements of negligence, including causation. *See id.* at 165-166; *see also Dukes v. Ill. Cent. R.R. Co.*, 934 F. Supp. 939, 944 (N.D. Ill. 1996).

"The test of causation under the FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit." *Fletcher v. Union Pac. R.R. Co.,* 621 F.2d 902, 909 (8th Cir. 1980). While a plaintiff does not need to show that the railroad's negligence was the *sole* cause of his injuries, he must produce sufficient evidence from which a jury could conclude that a "probable" or "likely" causal

relationship existed.  *Moody v. Maine Cent. R.R. Co.,* 823 F.2d 693, 695 (1st Cir. 1987); *Dukes*, 934 F. Supp. at 944.

      Nebraska courts require a plaintiff to offer medical expert testimony to establish causation in a FELA case where symptoms of the claimed injury are subjective.  *See McNeel v. Union Pac. R.R. Co.,* 276 Neb. 143, 151, 753 N.W.2d 321, 329 (2008).  Similarly, federal courts have found medical expert evidence is generally required to prove causation in a FELA case "unless the [causal] connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile."  *Moody*, 823 F.2d at 695-96 (quoting F. Harper, F. James, O. Gray, *The Law of Torts* § 20.2 (2d ed. 1986)); *see also Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005) (unreported).

      The Court finds medical expert testimony is necessary to prove that the injuries Crago alleges were caused in whole or in part by Union Pacific's negligence because the causal connection alleged is not one that would be obvious a juror.  While Crago has disclosed the identity of medical professionals that may offer medical causation testimony, he has not provided expert reports for these individuals or otherwise disclosed their causation opinions.  As a result, these individuals will not be permitted to offer expert testimony on the issue of medical causation at trial.  *See Sowell v. Burlington N. and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *4, 6 (N.D. Ill. Dec. 7, 2004) (unreported); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D.

591, 594 (D. Neb. 1995).  Absent this evidence, there is insufficient evidence to create a genuine dispute for trial regarding medical causation, and Crago's FELA claim fails as a matter of law.  Union Pacific's motion for summary judgment will be granted on Crago's FELA negligence claim.

**B. LIA Claim**

The LIA "supplements" the FELA by imposing an absolute and continuing duty on interstate railroads to provide safe equipment.  30 C.J.S. *Employers' Liability* § 15.  The LIA does not create an independent cause of action, and therefore, an LIA claim must be brought under the FELA.  *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001).  To recover for a violation of the LIA, a plaintiff must prove a violation of the LIA and that plaintiff suffered an injury resulting "in whole or in part" from the violation.  *See Coffey v. Ne. Ill. Reg'l Commuter R. Corp.,* 479 F.3d 472, 477 (7th Cir. 2007).

Like the FELA negligence claim, Crago's LIA claim fails as a matter of law because he has not produced any medical expert testimony to establish causation.  There is no genuine dispute that there is an absence of evidence that Crago's claimed injuries were caused in whole or in part by Union Pacific's alleged violation of the LIA.  Union Pacific is entitled to summary judgment on this claim.

**3. Union Pacific's Motion in Limine re: Robert O. Andres, Ph.D. (Filing No. 89)**

Because Union Pacific is entitled to summary judgment on Crago's claims, Union Pacific's motion in limine will be denied as moot. A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court